IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES CONFERENCE OF CATHOLIC BISHOPS,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, et al.<br><br>*Defendants.* | Case No. 1:25-cv-465 |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

The United States Conference of Catholic Bishops ("USCCB") moves for a temporary restraining order and preliminary injunction to enjoin Defendants and their agents from unlawfully suspending funding for USCCB's refugee resettlement services, which for decades have provided essential, statutorily mandated assistance to recently arrived refugees pursuant to cooperative agreements between USCCB and the government (the "Refugee Funding Suspension").

USCCB respectfully requests that the Court resolve its request for a temporary restraining order on an expedited basis. Given the irreparable harm caused by the Refugee Funding Suspension, the balance of the equities, and USCCB's likelihood of success, there is good cause for the Court to hold a hearing on the request for a temporary restraining order expeditiously and to consider ruling on that request by Friday, February 21, 2025. *See* 28 U.S.C. § 1657(a). USCCB

supports this motion with its complaint, the memorandum filed concurrently with this motion, and the accompanying declarations and exhibits.

As explained in the accompanying memorandum, USCCB satisfies the standards for preliminary relief. USCCB is likely to succeed on the merits of its claims. The sudden and indefinite suspension of funding for statutorily mandated refugee assistance is unlawful for multiple independent reasons. *First*, it contravenes the Refugee Act's requirement to spend appropriated funds on specified forms of refugee assistance, and the Impoundment Control Act's procedural and substantive limitations—flouting the Constitution's vesting of the power of the purse in Congress (Count I). *Second*, it is arbitrary and capricious. The government failed to consider the predictably disastrous consequences of its suspension; the serious reliance interests of USCCB, its partners, and refugees; and obvious superior alternatives, like reviewing ongoing programs *before* halting funding. To top it off, the government provided no remotely adequate explanation for its suspension and violated its own regulations (Count II). *Third*, the Refugee Funding Suspension constitutes a substantive rule that was not promulgated through notice and comment (Count III).

As a result, USCCB is suffering serious and ongoing irreparable harm. The massive, unexpected, and continually accruing costs inflicted on USCCB by the Refugee Funding Suspension have forced it to lay off staff with years of accumulated expertise and stop paying the partners on whom it relies to provide refugee services. The suspension thus inflicts harm to USCCB's reputation and goodwill that puts its entire refugee-resettlement program at risk—injuries that compound every day the suspension remains in effect.

The balance of the equities and the public interest also strongly favor injunctive relief. The Refugee Funding Suspension unfairly forces USCCB to assume millions of dollars in costs to care

for the nearly 7,000 refugees that the government placed in its care with the promise of federal funding. It also harms lawfully admitted refugees by threatening their funding for essential services and training that will enable them to become self-sufficient members of American society. All of this is contrary to the public interest that multiple Congresses and Presidents recognized by enacting statutes requiring and funding refugee resettlement assistance.

USCCB respectfully asks this Court to enjoin Defendants and their agents from implementing, enforcing, or otherwise giving effect to any rule, order, policy, or other agency action suspending, freezing, pausing, or otherwise preventing the obligation or disbursement of appropriated funds to reimburse past and ongoing expenses incurred by USCCB in connection with SPRMCO24CA0342 and SPRMCO24CA0336 (the "Cooperative Agreements").

USCCB respectfully requests an injunction commanding that Defendants and their agents:

- shall not implement, enforce, or otherwise give effect to the January 24, 2025 suspension letter issued by the State Department to USCCB;
- shall not issue or reissue any other letters or take any other actions that have a materially similar effect;
- shall promptly reimburse all allowable expenses in connection with the Cooperative Agreements that USCCB has submitted and may in the future submit for reimbursement.

Pursuant to Local Civil Rule 65.1(a), and shortly before filing this motion, on February 19, 2025, counsel for USCCB emailed the Deputy Assistant Attorney General of Federal Programs and two Federal Programs attorneys who have appeared in related cases to provide them with electronic copies of the complaint and its exhibits, summons, this motion for a temporary restraining order and preliminary injunction, the memorandum in support of the motion, the declarations

of William Canny and Azizullah Areiyaee, the other exhibits attached to this motion, and the proposed order.

February 19, 2025                                    Respectfully submitted,

/s/ David W. Casazza

William Quinn (D.C. Bar No. 1601853)\*
Shannon Eckman (D.C. Bar No. 90024504)\*
UNITED STATES CONFERENCE OF CATHOLIC BISHOPS
3211 Fourth Street, NE
Washington, DC 20017
(202) 541-3300
WQuinn@usccb.org

Dhananjay Manthripragada
  (D.C. Bar No. 990448)\*
Nick Harper (D.C. Bar No. 144707)
David W. Casazza (D.C. Bar No. 1046918)
Connor P. Mui (D.C. Bar No. 90009004)\*
Aly Cox (D.C. Bar No. 1780473)
Laura Stanley (D.C. Bar No. 90008623)\*
Hunter Mason (D.C. Bar No. 90021049)\*
Audrey Payne (D.C. Bar No. 90028352)\*

GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
(202) 955-8500
DManthripragada@gibsondunn.com
NHarper@gibsondunn.com
DCasazza@gibsondunn.com
CMui@gibsondunn.com
ACox@gibsondunn.com
LStanley@gibsondunn.com
HMason@gibsondunn.com
APayne@gibsondunn.com

\**pro hac vice* forthcoming

4

## CERTIFICATE OF SERVICE

I hereby certify that this document will be served on Defendants in accordance with Fed. R. Civ. P. 4.

*/s/ David W. Casazza*