IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES CONFERENCE OF CATHOLIC BISHOPS,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, *et al.*,<br><br>*Defendants.* | Case No. 1:25-cv-465-TNM |

**EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL**

Pursuant to Federal Rule of Civil Procedure 62(d), the United States Conference of Catholic Bishops ("USCCB") moves for an emergency injunction pending its appeal to the United States Court of Appeals for the District of Columbia Circuit from this Court's Order, ECF No. 37, denying USCCB's Motion for Preliminary Injunction.

"[T]o obtain an injunction pending appeal, the moving party 'must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" *Cigar Ass'n of Am. v. U.S. Food & Drug Admin.*, 317 F. Supp. 3d 555, 560 (D.D.C. 2018) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Of course, by its own terms," Rule 62(d) "necessarily envisions situations in which a district court that has denied an injunction still grants an injunction pending appeal"—"even if the court that just denied injunctive relief 'believe[s] its analysis' in denying relief 'is correct.'" *United States v. Facebook*, 2024 WL 291739, at *1 (D.D.C. Jan. 12, 2024) (alteration in original) (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844–45 (D.C. Cir. 1977)). Thus, when the

1

"threat of irreparable harm" is "grave" and balance of the equities "decisively" favors relief, an injunction pending appeal "may be proper" if the movant "establishes a 'serious legal question' on the merits and shows that 'the other three factors tip sharply' in its favor." *Id.* (citations omitted).

This Court should grant a motion for injunction pending appeal because USCCB has, at a minimum, raised serious legal issues on the merits for the reasons explained in its prior briefing. ECF Nos. 5, 22, 28, 30, 36. In addition, USCCB continues to suffer grave irreparable harm to its faith-based mission, and the equities in this case tip sharply in its favor, as USCCB has also explained. *See, e.g.*, ECF No. 30-2 at 10. Further, this Court should not require USCCB, a nonprofit, religious organization seeking to vindicate important public rights, to post a bond, as doing so would undermine its right to judicial review. ECF No. 28 at 24–25.

March 13, 2025

Respectfully submitted,

*/s/ David W. Casazza*

William Quinn (D.C. Bar No. 1601853)
Shannon Eckman (D.C. Bar No. 90024504)**
UNITED STATES CONFERENCE OF CATHOLIC BISHOPS
3211 Fourth Street, N.E.
Washington, DC 20017
(202) 541-3300
WQuinn@usccb.org

*pro hac vice
**pro hac vice forthcoming

Dhananjay Manthripragada*
  (D.C. Bar No. 990448)
Nick Harper (D.C. Bar No. 144707)
David W. Casazza (D.C. Bar No. 1046918)
Connor P. Mui* (D.C. Bar No. 90009004)
Aly Cox (D.C. Bar No. 1780473)
Laura Stanley* (D.C. Bar No. 90008623)
Hunter Mason* (D.C. Bar No. 90021049)
Audrey Payne* (D.C. Bar No. 90028352)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
(202) 955-8500
DManthripragada@gibsondunn.com
NHarper@gibsondunn.com
DCasazza@gibsondunn.com
CMui@gibsondunn.com
ACox@gibsondunn.com
LStanley@gibsondunn.com
HMason@gibsondunn.com
APayne@gibsondunn.com