UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. CONFERENCE OF<br>CATHOLIC BISHOPS,<br><br>      Plaintiff,<br><br>      v.<br><br>DEPARTMENT OF STATE, et al.,<br><br>      Defendants. | Civil Action No. 25-0465 (TNM) |

**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM LOCAL CIVIL RULE 7(n)**

    Defendants, through their undersigned counsel, respectfully reply in support of their motion for relief from Local Civil Rule 7(n).

    As Defendants argued in their opening brief, an administrative record is unnecessary to resolve the threshold issues in this case, and case law supports this position. *In re United States*, 583 U.S. 29, 31-32 (2017) (vacating district court and Ninth Circuit order to complete administrative record before ruling on Government's threshold issues, one of which being whether the district court had jurisdiction); *Connecticut v. Dep't. of Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (granting relief because the practice in this judicial district is that when the administrative record is unnecessary to evaluate the motion to dismiss, courts will waive compliance with this Local Rule 7(n)'s requirements); *Mdewakanton Sioux Indians of Minn. v. Zinke¸* 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017) (same); *PETA v. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014) (granting agency's motion for relief from Local Rule 7(n)'s requirements); *Fund for Animals v. Williams*, 391 F. Supp. 2d 132, 135 (D.D.C. 2005) ("Courts

are not required to consider the administrative record pertaining to a challenged action when deciding whether it has subject matter jurisdiction.").

None of Plaintiff's arguments to the contrary are persuasive. For example, Plaintiff argues that production of the administrative record would facilitate this case towards a prompt resolution, but this case can be promptly resolved absent an administrative record due to the arguments raised in Defendants' motion to dismiss. Plaintiff also complains that it will be disadvantaged in its ability to move for summary judgment, but that puts the cart in front of the horse. As a threshold issue, it is Plaintiff's burden to establish jurisdiction, which Plaintiff has not done here. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." (cleaned up)). Plaintiff complains that by referencing documents in their motion to dismiss, Defendants should not be able to withhold "the remainder of the record." But again, Plaintiff's desire to have additional documentation skips the threshold inquiry about whether the Court has jurisdiction and turns straight to a desire to litigate the merits. Lastly, regardless of whether it would be a substantial or a small burden to compile an administrative record, the Court needs to have jurisdiction before an agency is required to produce one, otherwise it is a fruitless endeavor.

For the reasons above, and those articulated in Defendants' opening motion, the Court should relieve Defendants from the requirement of Local Civil Rule 7(n).

\*   \*   \*

| | |
|---|---|
| Date: May 7, 2025<br>Washington, DC | Respectfully submitted,<br><br>EDWARD R. MARTIN, JR., D.C. Bar #481866<br>United States Attorney<br><br>By:  /s/ Sam Escher  <br>　　　SAM ESCHER, D.C. Bar #1655538<br>　　　Assistant United States Attorney<br>　　　601 D Street, NW<br>　　　Washington, DC 20530<br>　　　(202) 252-2531<br>　　　Sam.Escher@usdoj.gov<br><br>*Attorneys for the United States of America* |